1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEON GOODGAIN,

　　　　　Plaintiff,

　　v.

MARTIN O'MALLEY, Commissioner of
Social Security,

　　　　　Defendant.

Case No.  2:23-cv-01168-JDP (SS)

**ORDER**

GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING
THE COMMISSIONER'S MOTION FOR
SUMMARY JUDGMENT

ECF Nos. 12 & 14

　　　　　Plaintiff challenges the final decision of the Commissioner of Social Security

("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title

XVI of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 12

& 14.  The court grants plaintiff's motion, denies the Commissioner's, and remands for further

proceedings.

**Standard of Review**

　　　　　An Administrative Law Judge's ("ALJ") decision denying an application for disability

benefits will be upheld if it is supported by substantial evidence in the record and if the correct

legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th

Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to

support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed an application for SSI, alleging disability beginning June 8, 2020. Administrative Record ("AR") 172-78. After his application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). AR 34-61, 101-05, 113-18. On June 10, 2022, the ALJ issued a decision finding plaintiff not disabled. AR 15-29. Specifically, the ALJ found that:

1. The claimant has not engaged in substantial gainful activity since January 19, 2021, the application date.

2. The claimant has the following severe impairments: cervical radiculopathy; lumbar degenerative disc disease; degenerative joint disease, left knee; and obesity.

* * *

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

4.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) in that he can lift and carry twenty pounds occasionally and ten pounds frequently, sit for six hours of an eight-hour day but only stand and walk for four hours of an eight-hour day, frequently balance, climb, crouch, crawl, kneel and stoop and frequently reach, handle, finger and feel with the left upper extremity.

* * *

5.  The claimant is unable to perform any past relevant work.

* * *

6.  The claimant was born [in] 1970 and was 50 years old, which is defined as a younger individual closely approaching advanced age, on the date the application was filed.

7.  The claimant has a limited education.

8.  Transferability of job skills is not an issue because the claimant does not have past relevant work.

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 19, 2021, the date this application was filed.

AR 18-29 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request.  AR 1-6.  He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff argues that the ALJ erred by failing to fully develop the record as to his alleged mental impairment.  ECF No. 12 at 8-10.  In his decision, the ALJ acknowledged that, while plaintiff had not alleged any psychiatric impairment in his application, he had special education in school for dyslexia, anger modification, and depression.  AR 19.  The ALJ also noted that plaintiff had received therapy in 2019 and then, again, in 2021.  *Id.*  The medical record contained no specific diagnoses of mental impairment or treatment with psychotropic medications.  *Id.* Crucially, plaintiff failed to appear for a scheduled consulting examiner mental health evaluation in September 2021, though he did appear for a physical exam later that same month.  *Id.* at 451-55.  Plaintiff argues that his failure to appear at the mental health evaluation was attributable to three factors: (1) he was homeless at the time; (2) that he had recently changed his representative for his disability proceedings; and (3) his dyslexia made it difficult for him to handle paperwork. ECF No. 12 at 10.  To its credit, as the Commissioner points out, the agency took steps after the missed mental health exam to apprise plaintiff of the need to schedule another.  ECF No. 14 at 5. However, the record indicates that at least one of the attempted letters was sent to the wrong address.  A letter sent September 14, 2021, notified plaintiff that he had missed the mental health examination and that the agency had not heard from him.  AR at 562.  At that time, however, plaintiff had already retained current counsel, and the agency had been apprised of that representation.  *Id.* at 107 (fee agreement, dated August 25, 2021).  Thus, notifications after that date should have been sent to plaintiff's counsel.

In his decision, the ALJ relied on the findings of State Agency medical consultant R. Garland who, after reviewing the record, found insufficient evidence to evaluate any psychiatric impairment.  *Id.* at 19.  Garland himself noted in his report, however, that there was insufficient evidence to evaluate any psychiatric impairment and that a mental status report was needed.  *Id.* at 88.  And plaintiff notes that Garland had a more limited record than the ALJ himself, insofar as he lacked medical records from October 2021 which indicated, in a patient questionnaire, that plaintiff was alleging depressive symptoms.  *Id.* at 545.

1    The court finds that, faced with this ambiguity, the ALJ should have taken steps to

2    develop the record as to plaintiff's mental health.  That duty is triggered when there is ambiguous

3    evidence, or when the record is insufficient to allow for proper evaluation of the evidence.  *Mayes*

4    *v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  Here, where plaintiff had a history of

5    therapy for mental health issues and had recently reported depressive symptoms, there was

6    ambiguity as to whether some psychiatric condition warranted either a finding of disability or

7    some vocational restriction.  The ALJ could have ordered that plaintiff sit for an examination like

8    the one he missed.  Plaintiff was, at the time of the ALJ's decision, represented by counsel and

9    easy to contact through that representation.  And, as noted above, plaintiff sat for a physical

10   examination scheduled after the mental status examination he missed, so there was little reason to

11   think that rescheduling such an exam would be futile.  Second, as plaintiff's counsel argues, the

12   ALJ could have sent questionnaires to the providers who had treated plaintiff and with whom he

13   had raised mental health issues.

14   The Commissioner argues that plaintiff did not establish good cause for missing his

15   mental state examination.  ECF No. 14 at 5-6.  Even if the court accepted that argument, that

16   failure did not automatically relieve the ALJ of his duty to properly develop the record.  *See*

17   *Bousquet v. Apfel*, 118 F. Supp. 2d 1049, 1056 (C.D. Cal. Oct. 26, 2000) ("[P]laintiff's failure to

18   attend the hearing and his scheduled consultative examinations did not necessarily exonerate the

19   ALJ from taking additional steps to develop the record.").  The Supreme Court has held that

20   Social Security proceedings are "inquisitorial rather than adversarial" and "[i]t is the ALJ's duty

21   to investigate the facts and develop the arguments both for and against granting benefits . . . ."

22   *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000).  Here, the ALJ had a duty to further develop the

23   record, and he failed to do so.  Accordingly, I find it appropriate to grant plaintiff's motion for

24   summary judgment and remand this matter to the ALJ for development of the record on this issue.

25   Accordingly, it is hereby ORDERED that:

26   1.  Plaintiff's motion for summary judgment, ECF No. 12, is GRANTED.

27   2.  The Commissioner's cross-motion for summary judgment, ECF No. 14, is DENIED.

28   3.  The Clerk of Court is directed to enter judgment in the plaintiff's favor.

    4.  The matter is remanded for further proceedings consistent with this order.

IT IS SO ORDERED.


Dated:   August 26, 2024                          _____

                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE